# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| AMANDA SHADE, and <br> MATTHEW SHADE, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC., and <br> WAL-MART STORES EAST, L.P., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO.: 3:12-CV-1178 <br> ) JUDGE NIXON <br> ) MAGISTRATE JUDGE GRIFFIN <br> ) <br> ) <br> ) |

## INITIAL CASE MANAGEMENT ORDER # 1

This case came on for an initial case management conference on January 22, 2013 at 1:00 PM. At the conference the following appearances were made: David W. Kious, counsel for Plaintiff, and Greg Callaway, counsel for Defendant. Following the initial case management conference, the Court hereby approves the following initial case management plan, which has been proposed by the parties:

I.  Jurisdiction and Venue. Jurisdiction is conferred under 28 U.S.C. 1332 relating to diversity of citizenship of the parties. There is no dispute as to jurisdiction and venue.

II.  Parties' Theories of the Case.

a. Plaintiffs' Theory of the Case. Plaintiff, Amanda Shade, was shopping in Wal-Mart at the Murfreesboro, Tennessee location (Store #5057) on May 21, 2012, when she slipped on what she believes was liquid detergent that had been spilled on the floor.

Plaintiff will state there was no warning of the spill, that she had been shopping in the store for some time and had not heard or seen any evidence of a spill and was surprised when she

slipped on the substance. Plaintiff was recovering from a previous injury and surgery to her left knee and was wearing a knee brace at the time of this incident.

The liquid spilled on the floor created an unsafe condition on the property which the defendant either created or knew about and took no action to correct. In the event that the Defendant was unaware of the spill, Plaintiff contends that the spill existed long enough that the Defendant, using ordinary care, should have discovered and corrected the condition prior to her injury.

Plaintiff, Amanda Shade, seeks damages for her injuries in the amount of $150,000.00. Co-Plaintiff (spouse) seeks damages for loss of services, society, comfort and attention in the amount of $25,000.00.

    b. Defendant's Theory of the Case.

Wal-Mart did not create the spill and it did not have knowledge/notice of the spill before plaintiff's alleged accident. Accordingly, Wal-Mart cannot be held liable in this matter. Additionally, Wal-Mart asserts that plaintiff Amanda Shade was negligent by failing to exercise reasonable care for her own safety by failing to see what was there to be seen, failing to avoid the alleged slip and fall accident, and inattention. Plaintiff's comparative negligence equals or exceeds 50% thereby barring plaintiff from recovery. Alternatively, in accordance with Tennessee's doctrine of modified comparative negligence, the jury should apportion negligence between the parties according to their respective negligence and reduce plaintiff's judgment, if any, proportionately by plaintiff's comparative negligence.

    III.    Target Trial Date. The trial date is June 24, 2014. The trial is expected to last two days.

IV. <u>Issues Resolved and Unresolved.</u> Counsel for Defendant, Wal-Mart Stores East, L.P., has certified on its Corporate Disclosure Statement that Wal-Mart Stores East, L.P. owns and operates the subject Wal-Mart and is the only proper named defendant. Accordingly, and in reliance on such certification, the Plaintiff is in agreement to dismiss Wal-Mart Stores, Inc. from this case but without prejudice. The parties shall file a joint Motion and Agreed Order dismissing Wal-Mart Stores, Inc.

The unresolved issues are:

1. Liability of the Defendant, Wal-Mart Store East, L.P. Specifically, what caused the spill, the substance of the spill, how long the spill had existed, what measures were in place to correct such spill, and what Wal-Mart did to correct the spill prior to the subject incident.

2. The amount of Plaintiffs' damages.

V. <u>Counterclaims, Cross-Claims, Third Party Claims, Amended Pleadings.</u> The parties are currently unaware of the necessity for any counterclaim, cross-claim, third party claim or amended pleadings, but the right to do so is hereby reserved but in accordance with the Fed. R. Civ. P. and local rules.

VI. <u>Deadline for Motions under Rule 13-15, 17-21, and 23.</u>

The deadline for motions under Rule 13-15, 17-21 and 23 shall be August 1, 2013.

VII. <u>Discovery Deadlines.</u>

a. Rule 33 deadline is March 1, 2013. Responses to written discovery are due thirty (30) days after being served.

b. The deadline for Rule 30 depositions of parties and non-medical witnesses by oral examination is August 1, 2013.

c. The deadline for medical and/or expert depositions is January 31, 2014.

VIII. Rule 26 Disclosure. The parties shall make their Rule 26(a)(1) initial disclosures by February 19, 2013. Rule 26(a)(2) expert disclosures from Plaintiff shall be served by July 1, 2013 and for Defendant not later than September 3, 2013.

IX. Settlement Meeting. Within ninety (90) days after the Rule 26(f) conference, counsel for the parties shall have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings.

It is So Ordered.

Entered this the _____ day of January, 2013.

_____
Magistrate Judge Juliet E. Griffin

Submitted for Entry:

KIOUS, RODGERS, BARGER HOLDER, & KIOUS

HOWELL & FISHER

/s/ David W. Kious
David W. Kious, # 4581
James Barger, #21378
Attorney for Plaintiffs
503 North Maple Street
Murfreesboro, Tennessee 37130
(615) 895-5566

/s/ Gregory W. Callaway
Gregory W. Callaway, #18575
Attorney for Defendants
300 James Robertson Parkway
Court Square Building
Nashville, TN 37201-1107
(615) 244-3370