IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AMANDA SHADE; and MATTHEW )
SHADE )
) No. 3-12-1178
v. )
)
WAL-MART STORES, INC.; and )
WAL-MART STORES, EAST, L.P. )

CASE MANAGEMENT ORDER # 2

By contemporaneously entered order, the Court has approved and entered the parties' proposed initial case management order, with modifications addressed at the initial case management conference held on January 22, 2013. Those modifications and other matters addressed on January 22, 2013, are as follows:

1.      By February 1, 2013, the parties shall file a stipulation of dismissal of defendant Wal-Mart Stores, Inc., leaving Wal-Mart Stores, East, L.P. as the sole defendant in this case.

2.      The parties shall have until February 19, 2013, to serve initial disclosures in accord with Rule 26(a)(1) of the Federal Rules of Civil Procedure.

3.      All interrogatories and requests for production of documents shall be served by March 1, 2013.

4.      The plaintiffs shall have until July 1, 2013, to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

5.      Any motions under Rules 13-15 or 17-21 of the Federal Rules of Civil Procedure shall be filed by August 1, 2013.

6.      The defendant shall have until September 3, 2013, to serve Rule 26(a)(2) expert disclosures.

7.      Any rebuttal expert disclosures shall be served by October 15, 2013.

8.      All medical and/or expert depositions shall be completed by January 31, 2014.

9.      Any discovery motions shall be filed by February 3, 2014.

10. A further case management conference is not scheduled. However, if counsel for the parties want to address the potential for settlement, propriety of ADR, or any discovery, scheduling or other issues with the Court, they may schedule a telephone conference call or in-court proceeding at any time in the case.

11. Any dispositive motion shall be filed by February 10, 2014. Any response shall be filed within 28 days of the filing of the motion or by March 10, 2014, if the motion is filed on February 10, 2014. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by March 24, 2014, if the response is filed on March 10, 2104.

No other filings in support of or in opposition to any dispositive motion shall be made after March 24, 2014, except with the express permission of the Honorable John T. Nixon.

There shall be no stay of discovery before the August 1, 2013, deadline for completion of non-medical, fact discovery or the January 31, 2014, deadline for completion of medical and expert discovery if a dispositive motion is filed prior thereto.

In consultation with Judge Nixon's office, a jury trial is scheduled to begin on **Tuesday, June 24, 2014, at 9:00 a.m.** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties estimate that the trial will last two (2) days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by no later than 12:00 noon on Friday, June 20, 2014, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

A pretrial conference is also scheduled before Judge Nixon on **Friday, June 13, 2014, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By May 16, 2014, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve

a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By May 26, 2014, the parties shall file any motions in limine, any evidentiary objections to deposition testimony in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine and any responses to objections to deposition testimony and proposed exhibits shall be filed by June 6, 2014.

By June 6, 2014, the parties shall also:

1.      Submit a proposed joint pretrial order, which shall include:

   (a)      a recitation that the pleadings are amended to conform to the  pretrial order and that the pretrial order supplants the pleadings;

   (b)      a short summary of the plaintiffs' theory (no more than one page);

   (c)      a short summary of the defendant's theory (no more than one page);

   (d)      a succinct statement of the relief sought;

   (e)      a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;

   (f)      a summary of any anticipated evidentiary issues;

   (g)      a statement that counsel have complied with Rule 26(a)(2) and Rule 26(e) of the Federal Rules of Civil Procedure; and

   (h)      the estimated length of the trial.

2.      File pretrial briefs, including:

   (a)      a concise statement of the facts;

   (b)      a concise statement of the issues;

   (c)      a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

3

(d)      those evidentiary rulings counsel anticipates may arise and the legal

authorities upon which counsel relies in support of his contentions; and

(e)      what damages are recoverable and, where applicable, a proposed method of

reducing future damages to present value.

3.      File any deposition transcripts that the parties expect to use at trial;

4.      Serve and file their respective final lists of witnesses and exhibits;

5.      File a listing of all agreed stipulations;[1] and

6.      File proposed jury instructions, any special interrogatories, and any special verdict

forms.[2]

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

_____

JULIET GRIFFIN
United States Magistrate Judge

---

[1] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to contest. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

[2] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.