IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AMANDA SHADE; and MATTHEW )
SHADE )
) No. 3-12-1178
v. )
)
WAL-MART STORES, EAST, L.P.[1] )

O R D E R

The defendant's motion to withdraw (Docket Entry No. 22) is GRANTED.

The Clerk is directed to terminate Robyn Owens as counsel for the defendant.

Pursuant to the order entered January 29, 2014 (Docket Entry No. 23), counsel for the parties called the Court on February 6, 2014, at which time the following matters were addressed:

1. The plaintiff's motion for modification of case management order #2 (Docket Entry No. 20) is GRANTED.

2. The January 31, 2014, deadline for completion of all medical proof is extended to April 17, 2014, to allow the plaintiffs to take the deposition of Dr. Wills Oglesby.

3. By May 19, 2014, defendant's counsel shall notify plaintiffs' counsel whether or not the defendant wants to schedule an IME for plaintiff Amanda Shade.

4. If the defendant provides such notification, an IME shall be conducted by July 18, 2014.

5. Any expert disclosures from the health care provider conducting the IME shall be served by August 1, 2014.

6. The deposition of the medical provider conducting the IME shall be taken by August 22, 2014.

---

[1] By stipulation filed January 24, 2013 (Docket Entry No. 13), and order entered January 25, 2013 (Docket Entry No. 14), Wal-Mart Stores, Inc. was dismissed without prejudice.

7. The plaintiff shall have until October 22, 2014, to take any rebuttal expert testimony from Dr. Oglesby.

In consultation with the office of the Honorable John T. Nixon, the jury trial is RESCHEDULED from June 24, 2014, to **Tuesday, March 10, 2015, at 9:00 a.m.,** in Courtroom No. 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties estimate that the trial will last 2-3 days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by no later than 12:00 noon on Friday, March 6, 2015, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

A pretrial conference is also scheduled before Judge Nixon on **Friday, February 27, 2015, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By January 30, 2015, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By February 9, 2015, the parties shall file any motions in limine, any evidentiary objections to deposition testimony in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B). Any responses to such motions in limine and any responses to objections to deposition testimony and proposed exhibits shall be filed by February 20, 2015.

By February 20, 2015, the parties shall also:

1. Submit a proposed joint pretrial order, which shall include:

    (a) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;

(b) a short summary of the plaintiffs' theory (no more than one page);

(c) a short summary of the defendant's theory (no more than one page);

(d) a succinct statement of the relief sought;

(e) a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;

(e) a summary of any anticipated evidentiary issues;

(f) a statement that counsel have complied with Rule 26(a)(2) and Rule 26(e) of the Federal Rules of Civil Procedure; and

(g) the estimated length of the trial.

2. File pretrial briefs, including:

(a) a concise statement of the facts;

(b) a concise statement of the issues;

(c) a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

(d) those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his contentions; and

(e) what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

3. File any deposition transcripts that the parties expect to use at trial;

4. Serve and file their respective final lists of witnesses and exhibits;

5. File a listing of all agreed stipulations;[2] and

---

[2] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to contest. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

6. File proposed jury instructions, any special interrogatories, and any special verdict forms.[3]

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

On February 6, 2014, the defendant filed a motion for summary judgment (Docket Entry No. 24).

In accord with the order entered January 24, 2013 (Docket Entry No. 12), the plaintiffs shall have until March 6, 2014, to file a response to the motion. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by March 20, 2014, if the response is filed on March 6, 2014.

No other filings in support of or in opposition to any dispositive motion shall be made after March 20, 2014, except with Judge Nixon's express permission.

The Clerk is directed to forward the file in this case to Judge Nixon for his consideration of the defendant's motion for summary judgment and accompanying filings (Docket Entry Nos. 24-33), the plaintiff's response to be filed by March 6, 2014, and any reply, if necessary, to be filed no later than March 20, 2014.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[3] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.